# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:13 CR 12-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| EVAN THOMAS NORRIS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned upon a Violation Report (#102) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release and an Addendum to that Violation Report (#108) filed on September 24, 2013 making further allegations that Defendant violated terms and conditions of pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Eric J. Foster, and the Government was present through Assistant United States Attorney, Tom Ascik, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: The Defendant was charged in a bill of indictment filed on June 4, 2013 with conspiracy to distribute marijuana, oxycodone, cocaine, and

1

alprazolam, in violation of 21 U.S.C. § 841(a)(1) and 846. A hearing was held in regard to the detention of Defendant on July 1, 2013 and on that date the undersigned entered an order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release.

(8)(u) Defendant must report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

In the Violation Report(#102) it is alleged that Defendant violated the terms and conditions of his pretrial release on September 13, 2013 by committing the offense of violation of a domestic violence protection order issued in Graham County, North Carolina. Defendant denied that allegation. In the Addendum to the Violation Report(#108), it is alleged that Defendant violated the terms and conditions of his pretrial release by committing two counts of a violation of a domestic violence protection order issued in Graham County, North Carolina. Defendant denied the allegation. It was further alleged in the Violation Report(#108) that Defendant violated the terms and condition of his release by not

reporting his arrest, as referenced above, to his supervising United States Probation Officer. Defendant admitted this violation.

The Government called as a witness United States Probation Officer Robert Ferguson. Officer Ferguson testified that he is the United States Probation Officer supervising the release of Defendant. Officer Ferguson further testified that during his supervision of the defendant he discovered that a Domestic Violence Protection Order was issued in Graham County, NC sometime on or about July 3, 2013 and the violation order directed that Defendant not have any contact with his wife, Kathy Norris. Officer Ferguson further testified he was advised Defendant had been arrested on September 16, 2013 by the Graham County Sheriff's Office and charged with the offense of violating the Protective Order on September 13, 2013. The warrant was issued based upon a criminal complaint of a Deputy Sheriff of Graham County, NC. Officer Ferguson further discovered that on September 21, 2013, Defendant was arrested in regard to two counts of violating a Domestic Violence Protection Order, it being alleged in those warrants that Defendant violated the terms of the order on September 7, 2013. This warrant was issued based upon the allegations made by a Deputy Sheriff of Graham County, NC.

Defendant did not advise Officer Ferguson of his arrest. After Officer Ferguson discovered that Defendant had been arrested on September 16, 2013, he

made inquiry of Defendant. Defendant advised that he had intended to contact Officer Ferguson but had not gotten around to calling him.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed state crimes while on release. The warrants that were issued for the arrest of Defendant were based upon the sworn statement of an investigating officer of the Graham County Sheriff's Office. In the issued warrants, there are allegations that, on three occasions, Defendant violated the

terms and conditions of a Domestic Violence Protection Order while he was serving a term of pretrial release in this Court.

There has been shown by clear and convincing evidence that Defendant violated the condition of release that required him to report as soon as possible to the supervising officer, any contact that he had with any law enforcement personnel, including, but not limited to any arrest, questioning, or traffic stop. Defendant did not contact Officer Ferguson and advise him as soon as possible and delayed doing so for over eight days. When contacted by officer Ferguson defendant and confronted him with the arrests defendant's response was that he had intended to contact Officer Ferguson.

Due to the findings made above, it appears there is probable cause to believe that Defendant has committed a state misdemeanor while on release and there is clear and convincing evidence that Defendant has violated the term and condition that required him to report any contact that he had with any law enforcement officer to his supervising Probation Officer. The Court finds, that based upon the above referenced information, Defendant is unlikely to abide by any condition or combination of conditions of release that would assure Defendant will not pose a danger to the safety of any other person or the community or which would assure that Defendant would not flee the jurisdiction. It is the opinion of the undersigned,

upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: September 27, 2013

Dennis L. Howell
United States Magistrate Judge