# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CRIMINAL CASE NO. 2:13-cr-00012-MR-DLH-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| EVAN THOMAS NORRIS, JR. | ) | |

**THIS MATTER** is before the Court upon the Defendant's Motion to Revoke Detention Order [Doc. 110].

## I.  PROCEDURAL BACKGROUND

On June 4, 2013, the Defendant was charged in a Bill of Indictment with conspiracy to distribute marijuana, oxycodone, cocaine, and alprazolam, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Doc. 3]. The Defendant was arraigned on June 21, 2013. A detention hearing was held on July 1, 2013, at which time the Defendant was released on a $25,000 unsecured bond. The conditions of release included the following requirements: (1) that the Defendant must not violate any federal, state or local law while on release and (2) that the Defendant must report to his

supervising probation officer as soon as possible any contact with law enforcement, including any arrests, questioning or traffic stops. [Doc. 33].

On September 17, 2013, the U.S. Pretrial Services Office filed a Violation Report, alleging that the Defendant had violated the terms and conditions of his pretrial release on September 13, 2013 by committing the offense of violation of a domestic violence protection order issued in Graham County, North Carolina. [Doc. 102]. In an addendum to the Violation Report filed on September 24, 2013, it is alleged that the Defendant violated the terms and conditions of his pretrial release by committing two additional violations of the same domestic violence protection order. [Doc. 108]. It is further alleged that the Defendant violated the terms and conditions of his release by failing to report his arrest to his supervising probation officer. [Id.].

The Honorable Dennis L. Howell, United States Magistrate Judge, held a bond revocation hearing on September 26, 2013. After reviewing the evidence presented by the parties, and the arguments of counsel, Judge Howell found that there was probable cause to believe that the Defendant had committed state crimes while on release and that there was clear and convincing evidence that the Defendant failed to report his arrest to his supervising probation officer. Based on the evidence presented, the

2

Magistrate Judge concluded that the Defendant was unlikely to abide by any condition or combination of conditions of release that would assure that the Defendant would not pose a danger to the safety of any other person or the community or which would assure that the Defendant would not flee the jurisdiction. Accordingly, the Magistrate Judge revoked the Defendant's bond and ordered him detained pending trial. [Doc. 109]. This appeal followed.

## II. STANDARD OF REVIEW

Title 18 of the United States Code, section 3148, governs the review and appeal of revocation orders. This statute provides, in pertinent part, as follows:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer --
>
> (1) finds that there is --
>
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that --
>
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person

3

> will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b). In reviewing a motion to revoke or amend an order of detention, the Court reviews the Magistrate Judge's Order *de novo.* United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001). In so doing, the Court "must make an independent determination of the proper pretrial detention or conditions of release." Id.

## III. ANALYSIS

Upon reviewing the evidence presented at the detention hearing[1], the Court agrees with the Magistrate Judge's factual findings and with his legal conclusion that revocation of the release order is warranted in this case. First, the Defendant has been charged with violating a domestic violence protection order on three separate occasions by communicating to his estranged wife through their children and by contacting their children without DSS supervision. While the Defendant denies committing these offenses [see Doc. 111], the warrants issued for the Defendant's arrest are based on the sworn statements of an investigating officer of the Graham County Sheriff's Office. As such, there is probable cause to believe that the

---

[1] The Court has reviewed the FTR recording of the bond revocation hearing.

Defendant committed these offenses while on pretrial release. Moreover, there is clear and convincing evidence that the Defendant did not advise his supervising probation officer of his arrest for these offenses for over eight days. The Defendant's repeated violations of the domestic violence protection order and his failure to report these charges to his supervising probation officer in a timely fashion support the Magistrate Judge's conclusion that there are no conditions or combination of conditions of release that will reasonably assure the safety of other persons and the community.²

Having conducted an independent review of the FTR recording of the bond revocation hearing, the Magistrate Judge's Order revoking the Defendant's bond, and having considered the arguments of counsel, the Court concludes that the Magistrate Judge's Order should be affirmed.

---

² The Defendant suggests that the fact that he recently had his lower right leg amputated and fitted with a prosthetic device that he has yet to master renders him "less dangerous than the average person." [Doc. 111 at 6-7]. The Court notes, however, that the Defendant has been charged with violating the domestic violence protection order on three separate occasions, all of which occurred *after* the Defendant's leg was amputated. The Defendant's argument, therefore, that his recent amputation somehow renders him less dangerous to others in the community, particularly his estranged wife, is simply without merit.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Revoke Detention Order [Doc. 110] is **DENIED**, and the Order of Detention [Doc. 109] is hereby **AFFIRMED**.

**IT IS SO ORDERED.**  Signed: October 28, 2013

Martin Reidinger
United States District Judge